UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                  Criminal No. 99-260(2) (DWF/AJB)

          Plaintiff,

v.                                                                                    **ORDER**

Jeffrey Lynn Miller,
a/k/a Manson,
a/k/a Randy Arthur Smith,
a/k/a Randy Arthur Smith, Jr.,

          Defendant.

**INTRODUCTION**

This matter is before the Court on Defendant Jeffrey Lynn Miller's ("Defendant") *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

The Defendant has submitted a *pro se* motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), asserting that Amendment 782 to the Sentencing Guidelines (sometimes referred to as the "Drugs Minus Two" law) (Doc. No. 176) is applicable to his case. However, the Government opposes the Defendant's motion, asserting that the Defendant's criminal offense involved the shooting death of another, the sentence previously imposed by the Court concerned the application of U.S.S.G. §§ 2A1.1, which resulted in a base offense level of 43 (life imprisonment). Accordingly, the Government asserts that the Defendant's sentence was not based solely upon the Drug Quantity Table as set forth in U.S.S.G. § 2D1.1. The Government further and correctly

asserts that Amendment 782 did not alter the sentencing guideline range for the Defendant's sentence, because 18 U.S.C. § 3582(c)(2) does not apply to the guideline range established by the Court at the time of the Defendant's sentencing.

## BACKGROUND

On August 30, 2000, a trial jury in the District of Minnesota found the Defendant guilty of eight counts of a Superseding Indictment that charged him with the following: conspiracy to possess with intent to distribute cocaine and cocaine base (Count 1); aiding and abettting possession, carrying, and use of a firearm in relation to a drug trafficking crime (Counts 2-4); possession of a firearm by a felon (Count 5); conspiracy to possess, carry, and use a firearm during and in relation to a drug trafficking crime (Count 6); and possession, carrying and use of a firearm during and in relation to a drug trafficking crime causing the death of a person by murder; all in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C)(I), and 2 (Counts 2-4); 18 U.S.C. § 922(g)(1) (Count 5); 18 U.S.C. § 924(o) (Count 6); and 18 U.S.C. §§ 924(c), 924(j)(1) and 18 U.S.C. § 2 (Counts 7-8).  (Doc. Nos. 38, 117.)

Following the guilty verdicts and consistent with similarly situated cases, the Court ordered a Presentence Investigation Report (PSR) to be prepared by the United States Probation and Pretrial Services Office.  The PSR determined that because the Defendant had shot and killed another person during the commission of his criminal activities, the base offense level was 43 pursuant to U.S.S.G. §§ 2A1.1, 2D1.1(d) and 2K2.1(c)(1)(B).

*See* PSR, ¶¶ 31, 38, 43.  Based upon a total adjusted offense level of 43 and a criminal history category II, the applicable guideline range was life imprisonment.  *See* PSR ¶ 83.

  The Court sentenced the Defendant on April 12, 2001 to a term of life imprisonment plus the statutory mandatory consecutive 57 years imprisonment to be followed by a 5-year term of supervised release.  The sentence consisted of a term of life imprisonment for Counts 7 and 8, to run concurrently with each other; 20 years on Count 1, to run concurrently to all others; 25 years on Counts 3 and 4, to run consecutively to each other and all other counts; 15 years on Count 6, to run concurrently with all other counts; 10 years on Count 5, to run concurrently with all other counts; and 7 years on Count 2, to run consecutively to all other counts.  *See* Doc. No. 129.

  The Defendant filed a notice of appeal to the U.S. Court of Appeals for the Eighth Circuit challenging his conviction and sentence.  (Doc. No. 130.)  On March 5, 2002, the Eighth Circuit affirmed the Defendant's conviction and sentence.  *See United States v. Miller*, 283 F.3d 907 (8th Cir. 2002) (Doc. No. 141).  On October 7, 2002, the Supreme Court denied Petitioner's Writ of Certiorari.  *See Miller v. United States*, 537 U.S. 871 (2002).

  On September 22, 2003, the Defendant filed a habeas corpus motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 148.)  This Court denied the motion on November 20, 2003.  (Doc. No. 152.)  The Defendant also filed a *pro se* motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b) on April 7, 2006, which was also subsequently denied on May 30, 2006.  (Doc. Nos. 158, 163.)

Most recently, on July 27, 2015, the Defendant submitted the instant *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based upon Amendment 782 to the Sentencing Guidelines. (Doc. No. 176.) As the Government observed in its submissions to the Court, the Defendant's sentence of life imprisonment was based upon the offense level related to First Degree Murder.

## DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

First of all, Section 3582(c)(2) requires that a district court initially determine whether a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."

On December 14, 2015, as the record before the Court will reflect, the United States Probation and Pretrial Services Office submitted to the Court an amended offense level and guideline range based upon Amendment 782 in the Defendant's case. *See* 1B1.10 Report submitted Dec. 14, 2015. As accurately noted by the United States Probation and Pretrial Services Office and correctly observed by the Government, the

Defendant's sentence was not lowered by Amendment 782 because it concerned the murder of another person.  Specifically, the Defendant's base offense level, before and after Amendment 782, remains at level 43 and the applicable guideline range of life imprisonment has not changed.[1]

## CONCLUSION

Amendment 782 did not reduce the sentencing guideline range applicable in the Defendant's case because the Court's sentence was based upon the murder of another person.  Amendment 782 does not provide the Defendant with the requested relief that he is seeking because the Court's sentence was based on the commission of a murder during the Defendant's criminal activities.  18 U.S.C. § 3582(c)(2) and Amendment 782 do not affect the Defendant's sentence in any way.  The Court therefore respectfully denies the Defendant's motion for a sentence reduction pursuant to § 3582(c)(2).

---

[1] The Defendant submitted a reply to the Government's opening response to his *pro se* motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  (Doc. No. 183.)  The Defendant has asserted that the 20-year sentence that he received for Count 1, namely, conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, should be reduced under Amendment 782 because the drug quantity guidelines under U.S.S.G. § 2D1.1(c) were used to calculate his sentence.  The Court must respectfully restate that the Defendant is mistaken because the Defendant's base offense level before and after Amendment 782 remains at level 43 and the applicable guideline range of life imprisonment has not changed.

**ORDER**

Defendant Jeffrey Lynn Miller's Motion for Modification of Imposed Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) (Doc. No. [176]) is respectfully **DENIED**.

Dated:  March 30, 2016             s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge